The complaint in this case contained two causes of action. The first was to recover damages alleged to have been sustained by plaintiff in the purchase of the negotiable paper of one Keene, which purchase was claimed to have been induced by certain representations made by defendants. The chief question raised on the appeal as to this cause of action, was in reference to a refusal by the trial judge to dismiss the complaint on the ground that no damages had been proven. It was mutually agreed on the trial, that the measure of damages was the difference between the actual value of the negotiable paper and the value it would have possessed at the time of the purchase if the representations had been true; but defendants insisted that no proof had been given as to there being any such difference. The second cause o'f action was for the conversion of certain stock in defendants’ office to the credit of one Wooley. Defendants, acting for the plaintiff, credited him with this stock under their assumption that plaintiff had a right to demand and receive the stock from Wooley. The defendant, while thus holding the stock for plaintiff, pretended to, but did not in fact sell it. The Court (Sedgwick, Ch. J., writing, and Truax, .J., concurring) held, as to the first cause of action, “ that defendants’ contention was correct, and that the complaint as to that cause of action should have been dismissed.” As to the second cause of action, “ that the acts of the defendants above alluded to, with other circumstances, wras either a conversion or made a special case averred in the complaint; and that there was no reason for disturbing the judgment as to this cause of action.”